**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| Atlantic Casualty Insurance Company, ) | |
| ) | Case No.: 1:18-cv-00776 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Judge Michael R. Barrett |
| Kenneth Rutz, *et al.*, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Atlantic Casualty Insurance Company's Motion for Summary Judgment. (Doc. 26). Defendants Dakota Boeppler, Kenneth Rutz, doing business as Zappz Sports Bar ("the Bar"), and Z.A.P.P.Z. CO., doing business as Zappz Sports Bar and Grill, ("Zappz Defendants") filed a Response in Opposition.[1] (Doc. 32). Defendants Andrew Attinger, Kaitlyn Brock, Alex M. Jones, and Lorna Vinsant ("Patron Defendants") also filed a Response in Opposition. (Doc. 33). Plaintiff filed a combined Reply. (Doc. 34).

**I. BACKGROUND**

Plaintiff issued Defendant "Kenneth Rutz", doing business as "Zapp's Sports Bar," a new Commercial Lines Policy, Number M197000735-0, in 2018 ("Policy"). (Doc. 1 PageID 15); (*id.* PageID 10-125). The Policy had an effective period from February 16, 2018 to February 16, 2019. (*Id.* PageID 15). The Policy provided coverage for "bodily injury" and "property damage." (*Id.* PageID 52-56). In particular, the Policy provided that:

---

[1] The Zappz Defendants' Response in Opposition includes citations in footnotes. (Doc. 32). *But see* Standing Order on Civil Procedures, Michael R. Barrett, I.G. ("[A]ll briefs and memoranda shall comport with the following: . . . Citations to be in main body of text and not in footnotes").

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

(*Id.* PageID 52). The Policy then listed a number of exclusions, including "Expected or Intended Injury" and "Liquor Liability." (*Id.* PageID 52-53). The Policy also included a number of endorsements, including endorsements that added a "Punitive Damages" exclusion, added an "Assault and/or Battery" exclusion, and modified the "Expected or Intended Injury" exclusion. (*Id.* PageID 29, 32, 38). The Policy did not define the terms "assault" or "battery." (Doc. 1 PageID 10-125).

On April 22, 2018, Defendant Boeppler was bartending at the Bar and the Patron Defendants and Bradley Pauley were patrons at the Bar. (Doc. 26-1 ¶¶ 13-14); (Doc. 36 Ken Rutz Dep. PageID 856). Defendant Boeppler allegedly sold and served Bradley Pauley alcoholic beverages and Bradley Pauley became intoxicated. (Doc. 26-1 ¶ 14). At some point during the evening, Bradley Pauley became involved in a verbal and physical altercation in the Bar. (*Id.* ¶ 16). At some point later in the evening, Bradley Pauley left the Bar, got into a car, drove that car into the Bar, and caused serious bodily injuries to the Patron Defendants. (*Id.* ¶ 17).

On June 13, 2018, the Patron Defendants filed an initial complaint against the Zappz Defendants, among others, in a case that is currently pending before the Court of Common Pleas in Hamilton County, Ohio, in case number A1802944 ("underlying litigation"). (Doc. 1 ¶ 17). On August 3, 2018, the Patron Defendants filed an amended complaint in the underlying litigation. (Doc. 26-1). The Patron Defendants' amended complaint alleges, inter alia, that their bodily injuries and damages sustained on April 22,

2

2018 occurred as a result of the negligence, negligent hiring, supervision, training, and retention, and/or dram shop liability of the Zappz Defendants and brings counts of negligence, negligent hiring, supervision, training, and retention, and dram shop liability against the Zappz Defendants. (*Id.* ¶¶ 32-50). The amended complaint also seeks punitive damages. (*Id.* ¶¶ 65-66). In response to the underlying litigation, the Zappz Defendants demanded that Plaintiff provide a defense and defend them under the Policy.[2] (Doc. 1 ¶ 24); (Doc. 9 ¶ 12); (Doc. 14 ¶ 10).

On November 12, 2018, Plaintiff filed its Complaint for Declaratory Judgment in this Court pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Federal Rule of Civil Procedure 57. (Doc. 1). Plaintiff seeks a declaration that it does not have a duty to defend or indemnify the Zappz Defendants against the Patron Defendants' claims in the underlying litigation. *Id.*

On May 30, 2019, and after Bradley Pauley pleaded guilty to charges of aggravated vehicular assault[3] and vandalism,[4] a judge on the Court of Common Pleas in Hamilton County sentenced him to 36 months' imprisonment for his aggravated vehicular assault charge, 18 months' imprisonment for his vandalism charge,[5] and a 10-year driving suspension. (Doc. 26-2); (Doc. 29 Pauley Dep. PageID 564-66). Judgment in the criminal matter entered that same day.(Doc. 26-2). Bradley Pauley did not appeal. (Doc. 29 Pauley Dep. PageID 566).

---

[2] Plaintiff is currently providing a defense to the Zappz Defendants under a reservation of rights. (Doc. 26 PageID 264-65).
[3] *See* Ohio Rev. Code § 2903.08(A)(1)(a).
[4] *See* Ohio Rev. Code § 2909.05(B)(1)(a).
[5] His terms of imprisonment are to be served concurrently. (Doc. 29 Bradley Pauley Dep. PageID 470).

II. **ANALYSIS**

As an initial matter, the Court finds that its exercise of its jurisdiction over this declaratory judgment action is proper. *See* 28 U.S.C. § 2201(a);[6] *see also Grand Trunk W.R.R. Co. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984) (explaining that it is well-settled that the granting of a declaratory judgment rests in the district court's sound discretion); FED. R. CIV. P. 57(a) ("These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201."). Turning to Plaintiff's Motion for Summary Judgment, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The moving party has the burden of showing an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

The parties agree that Ohio law applies to this matter. (Docs. 26, 32, 33). The interpretation of an insurance contract is a question of law. *Leber v. Smith*, 70 Ohio St. 3d 548, 639 N.E.2d 1159 (1994). "The court determines whether contract terms are ambiguous." *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 796 (6th Cir. 2002). If an insurance policy's language is clear and unambiguous, then the court must give that

---

[6] "The [Declaratory Judgment] Act does not provide an independent basis for subject matter jurisdiction." *Burlington Ins. Co. v. Greenwood Rollerdrome, Inc.*, 420 F. Supp. 3d 632, 638 (W.D. Ky. 2019) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)). "Thus, an action brought under the Declaratory Judgment Act must invoke an independent basis for federal jurisdiction." *Id.* The independent basis for subject matter jurisdiction in this matter is diversity. (Doc. 1 ¶ 13).

language its plain and ordinary meaning. *Westfield Ins. Co. v. Galatis*, 2003-Ohio-5849, ¶ 11, 100 Ohio St. 3d 216, 219, 797 N.E.2d 1256, 1261. "[A]n ambiguity in an insurance contract is ordinarily interpreted against the insurer and in favor of the insured." *Id.* 797 N.E.2d at 1262. And, in Ohio, there is a long-standing rule that "an exclusion from liability must be clear and exact in order to be given effect." *Monticello Ins. Co. v. Hale*, 114 F. App'x 198, 201 (6th Cir. 2004) (quoting *U.S. Fid. & Guar. Co. v. Lightning Rod Mut. Ins. Co.*, 1997-Ohio-311, 80 Ohio St. 3d 584, 586, 687 N.E.2d 717, 719).

Plaintiff argues that the Policy's Assault and/or Battery exclusion is clear and unambiguous, and prohibits coverage for any claims arising out of the April 22, 2018 incident at the Bar in light of the fact that Bradley Pauley pleaded guilty to aggravated vehicular assault. (Doc. 26). Plaintiff asserts that the terms "assault" and "battery," as used in the Policy, include both their common law tort and statutory criminal definitions. *Id.* The Patron Defendants respond that the Policy's Assault and/or Battery exclusion is ambiguous, and does not necessarily prohibit coverage for any claims arising out of the April 22, 2018 incident, as aggravated vehicular assault, under Ohio Revised Code § 2903.08(A)(1)(a), does not require intent. (Doc. 33). The Patron Defendants contend that the terms "assault" and "battery," as used in the Policy, include only their common law tort definitions. *Id.*[7]

---

[7] The Zappz Defendants argue that the Policy's Assault and/or Battery exclusion does not apply due to the language found in the Policy's "Expected Or Intended Injury" exclusion. (Doc. 32 PageID 693-94). However, their argument fails, as it relies entirely on language that one of the Policy's endorsements explicitly deleted. *Compare* (Doc. 1 PageID 53-53), *with* (id. PageID 38).

5

The Policy's endorsement that added an "Assault and/or Battery" exclusion states:

**ATLANTIC CASUALTY INSURANCE COMPANY**

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**EXCLUSION - ASSAULT AND/OR BATTERY**

1. This insurance does not apply to and we have no duty to defend any claims or "suits" for "bodily injury", "property damage" or "personal and advertising injury" arising in whole or in part out of:

> a) the actual or threatened assault and/or battery whether caused by or at the instigation or direction of any insured, his employees, patrons or any other person;
>
> b) the failure of any insured or anyone else for whom any insured is legally responsible to prevent or suppress assault and/or battery;
>
> c) the negligent.
>     (i) employment;
>     (ii) investigation;
>     (iii) supervision;
>     (iv) training;
>     (v) retention;
> of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by (a) or (b) above.
>
> d) any actual or alleged injury arises out of any combination of an assault and/or battery-related cause and a non-assault or battery-related cause;
>
> e) any actual or alleged injury arises out of a chain of events which includes assault and/or battery, regardless of whether the assault and/or battery is the initial precipitating event or a substantial cause of injury;
>
> f) any actual or alleged injury arises out of assault and/or battery as a concurrent cause of injury, regardless of whether the assault and/or battery is the proximate cause of injury; or
>
> g) claims arising out of, caused by, resulting from, or alleging, in whole or in part, any insured's failure to thwart, foil, avoid, hinder, stop, lessen or prevent any attack, fight, assault and/or battery, theft, or crime.

(Doc. 1 PageID 32) (emphasis in original).

6

Although the Policy does not define the term "assault," the Policy's language is clear, and the term has a plain and ordinary meaning that encompasses both its common law and statutory definitions. *See Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm*, 1995-Ohio-214, 73 Ohio St. 3d 107, 108, 652 N.E.2d 684, 686 ("The mere absence of a definition in an insurance contract does not make the meaning of the term ambiguous."). The Policy's exclusion of coverage for bodily injuries arising in whole or in part out of any actual or threatened assault unambiguously excludes coverage for bodily injuries that result from any legally cognizable form of assault, regardless of whether the assault is tortious or criminal. *See Badders v. Century Ins. Co.*, 2019-Ohio-1900, ¶ 18 (Ohio App. 2nd Dist. May 17, 2019) (holding the same in a declaratory judgment action involving an insurance policy with similar language and similar underlying claims against a bar owner for bodily injuries and damages following an incident at the bar when a patron left the bar, ran his car into the bar, injured a different patron, and subsequently pleaded guilty to felonious assault under Ohio Revised Code § 2903.11(A)(1)).

The Patron Defendants rely on the Ohio Third District Court of Appeals' decision in *Hawk v. Stocklin,* 2014-Ohio-2335, to support their argument that the ordinary meaning of the term "assault" in the Policy includes only the term's common law definition. (Doc. 33 PageID 792-93). The Court finds that the present case, and the Ohio Second District Court of Appeals' decision in *Badders,* is distinguishable from *Hawk*, as the facts before the Court, and those before the court in *Badders*, involve an underlying civil case and an underlying criminal case, wherein the criminal defendant pleaded guilty to an assault charge, whereas the facts in *Hawk* involve only an underlying civil case. The argument that the terms "assault" and "battery," in the insurance policy at issue in *Hawk*, included

7

the terms' common law and statutory definitions was not presented to, or factually before, that court. Rather, the parties focused only on the terms' common law definitions and argued whether, as a matter of law, a "battery" occurred under the insurance policy at issue during a bar fight in light of evidence that one party acted in self-defense. *See Hawk*, 2014-Ohio-2335 ¶ 22; *cf. Griffin v. Finkbeiner*, 689 F.3d 584, 601 (6th Cir. 2012) ("To interpret Ohio law, federal courts must look to decisions of the Ohio Supreme Court; when that court has not ruled on an issue, the federal court must predict how the court would rule by looking to all the available data.") (citations and internal quotation marks omitted).

In light of the fact that Bradley Pauley pleaded guilty to aggravated vehicular assault, the Court finds that, as a matter of law, the Policy's Assault and/or Battery exclusion applies and excludes coverage for any claims arising out of the April 22, 2018 incident involving Bradley Pauley at the Bar and, thus, Plaintiff has no duty to defend or to indemnify the Zappz Defendants under the Policy regarding the Patron Defendants' claims in the underlying litigation. *See Badders*, 2019-Ohio-1900, ¶ 18; *Wright v. Larschied*, 2014-Ohio-3772, ¶ 28 (Ohio App. 3rd Dist. Sept. 2, 2014) ("The assault-or-battery exclusion applies to *any* bodily injury arising out of an assault or battery. It does not matter, for example, how the assault or battery occurred or who may or may not have contributed to its occurrence.") (emphasis in original). Summary judgment in Plaintiff's favor is proper. In light of the Court's holding regarding the Policy's Assault and/or Battery Exclusion, the Court need not analyze the parties' arguments regarding the applicability of the Policy's Liquor Liability exclusion or Punitive Damages exclusion.

III.     **CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED** that on Plaintiff Atlantic Casualty Insurance Company's Motion for Summary Judgment (Doc. 26) is **GRANTED**. This matter is **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**         _/s Michael R. Barrett_____
                              Michael R. Barrett, Judge
                              United States District Court